IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-92-TAV-JEM |
| | ) | |
| JAY LEE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions are referred to the undersigned for disposition or recommendation as appropriate. *See* 28 U.S.C. § 636(b). This case is before the undersigned on Defendant Jay Miller's Motion to Dismiss the Indictment [Doc. 24]. The First Superseding Indictment charges Defendant with being a felon in possession of a firearm and ammunition on June 15, 2024 [Doc. 15 p. 1]. It also alleges that before committing the charged offense, Defendant had three prior convictions that qualify as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) [*Id.*]. Defendant contends that his three prior Tennessee convictions for aggravated burglary do not qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B) [Doc. 24 p. 1].

Well-settled Sixth Circuit precedent holds that Tennessee's aggravated burglary is a violent felony under the ACCA, and thus, the undersigned recommends that the District Judge **DENY** the motion.

I.  **BACKGROUND**

Defendant Jay Miller is charged in a Superseding Indictment with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and

924(e)(1) [Doc. 15]. According to Defendant, the Government alleges that three of Defendant's prior convictions qualify as "violent felonies" under the ACCA:

1. Aggravated burglary, in violation of Tennessee Code Annotated § 39-14-403, in Sevier County, Tennessee, with an offense date [of] September 3, 2020, and a sentencing date of December 7, 2021, Case No. 28794-II;

2. Aggravated burglary, in violation of Tennessee Code Annotated § 39-14-403, in Sevier County, Tennessee, with an offense date [of] September 10, 2020, and a sentencing date of December 7, 2021, Case No. 28794-II; [and]

3. Aggravated burglary, in violation of Tennessee Code Annotated § 39-14-1003, in Knox County, Tennessee, with an offense date August 23, 2022, and a sentencing date of April 18, 2023, Case No. 124440.

[Doc. 24 p. 1]. Defendant submits that his convictions do not qualify as ACCA predicates [*Id.* at 2]. More specifically, Defendant argues that the Tennessee burglary statute "is broader than generic burglary because it criminalizes conduct that does not require proof that the person formed the specific intent to commit a crime at any time during the course of the burglary" [*Id.*]. Defendant maintains that without counting his three Tennessee aggravated burglary convictions, he lacks sufficient qualifying predicates for the ACCA enhancement [*Id.*].

The Government responded in opposition, asserting that Sixth Circuit precedent forecloses Defendant's argument [Doc. 25 pp. 2–4].

The Court held a hearing on Defendant's motion on May 20, 2025. Assistant United States Attorneys Luke A. McLaurin and Caroline S. Poore were present on behalf of the United States. Assistant Federal Defender Benjamin G. Sharp represented Defendant, who was also present. During the hearing, the parties clarified that only the Knox County conviction falls within category (a)(3) of the Tennessee aggravated burglary conviction, which is the focus of Defendant's argument. After the parties briefly argued, asserting reliance on their briefs, and after the

2

Government introduced the records of conviction [Exhs. 1 & 2], the Court took the matter under advisement.

## II. ANALYSIS

Under the ACCA, a felon who possesses a firearm after having been convicted three times "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to enhanced penalties. 18 U.S.C. § 924(e)(1). "Burglary" is listed as a violent felony in the statute. *Id.* § 924(e)(2)(B)(ii).

The Supreme Court instructed lower courts to utilize the "categorical approach" to determine whether a prior state burglary conviction qualifies as a conviction for "burglary" under the ACCA. *United States v. Brown*, 957 F.3d 679, 681–82 (6th Cir. 2020) (citing *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)). "That approach directs courts to compare a state statute's elements of burglary to the elements of a 'generic' definition of burglary that the Supreme Court adopted." *Id.* at 682 (citing *Taylor*, 495 U.S. at 602). Burglary includes "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. "If a state burglary statute sweeps in more conduct than this generic definition of the crime, convictions under the state statute will not qualify as convictions for 'burglary' under the federal Act." *Brown*, 957 F.3d at 682.

The Court of Appeals for the Sixth Circuit has examined Tennessee's aggravated burglary statute at issue here: Tenn. Code Ann. § 39-13-1003 (effective July 1, 2021), which was formerly codified at Tenn. Code Ann. § 39-14-403. *See Brown*, 957 F.3d at 682. "Aggravated burglary is burglary, as described in § 39-13-1002, of a habitation." Tenn. Code Ann. § 39-13-1003. A person commits aggravated burglary when "without the effective consent of the property owner," he

3

> (1) Enters a [habitation] . . . , or any portion of the [habitation], . . . with intent to commit a felony, theft, or assault;
>
> (2) Remains concealed, with the intent to commit a felony, theft, or assault, in a [habitation]; [or]
>
> (3) Enters a [habitation] and commits or attempts to commit a felony, theft, or assault[.]

Tenn. Code Ann. §§ 39-13-1002(a)(1)–(3) & 39-13-1003. In *United States v. Brown*, the Court of Appeals held that "Tennessee['s] aggravated-burglary conviction categorically qualifies as a violent felony under the Armed Career Criminal Act." 957 F.3d at 682.

Yet, Defendant argues that the statute criminalizes conduct broader than generic burglary [Doc. 24 pp. 4, 6]. Specifically, Defendant asserts that the (a)(3) variant deviates from generic burglary because it "has nothing to do with intent" [*Id.* at 6–9 (citation omitted)] and can be committed recklessly [*id.* at 7]. In doing so, Defendant relies on authority from outside Sixth Circuit, and he "acknowledges that the Sixth Circuit has rejected this argument—or at least has declined to engage with it on the merits—relying on purported precedent" [*Id.* at 9–10]. In *United States v. Gann*, the Court of Appeals for the Sixth Circuit said this argument is "foreclosed." 827 F. App'x 566, 568–69 (6th Cir. 2020) (rejecting challenge to the (a)(3) variant of the statute where the defendant argued it "does not qualify as generic burglary because it lacks generic burglary's intent-to-commit-a-crime element"); *see also United States v. Tigue*, 811 F. App'x 970, 975 (6th Cir. 2020) (observing the Sixth Circuit held that Tennessee aggravated burglary meets the generic definition of burglary and qualifies as a violent felony under the ACCA and, thus, has "closed the book on Tennessee aggravated burglary").

This Court is bound by Sixth Circuit precedent. *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (observing that lower federal courts must follow precedent). The undersigned therefore finds that

Defendant's request to dismiss the Indictment to the extent it alleges his eligibility for an enhanced sentence under the ACCA should be denied.

III. **CONCLUSION**

The undersigned finds well-settled Sixth Circuit precedent holds that Tennessee's aggravated burglary is a violent felony under the ACCA, and thus, the undersigned **RECOMMENDS**[1] that the District Judge **DENY** Defendant's Motion to Dismiss the Indictment [**Doc. 24**].

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).

5