UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-92-TAV-JEM |
| | ) | |
| JAY LEE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Jay Lee Miller's Unopposed Motion to Continue Trial and Other Deadlines [Doc. 37], filed on September 22, 2025.

Defendant requests the Court to continue the trial date, set for October 14, 2025, and all relevant deadlines [*Id.*]. In support of the motion, defense counsel states that Defendant was arraigned on August 21, 2024, on a one count indictment charging a violation of 18 U.S.C. § 922(g)(1), and was arraigned on a superseding indictment on November 19, 2024, alleging he is subject to the Armed Career Criminal Act in violation of 18 U.S.C. § 924(e)(1) [*Id.* ¶ 1]. On September 14, 2025, Defendant filed a Notice of Intent to Plead Guilty [Doc. 34], asking that he be permitted to plead guilty to the violation of 18 U.S.C. § 922(g)(1), while preserving his right to a jury trial as to whether he is subject to the Armed Career Criminal Act [*Id.* ¶ 2]. Defense counsel states that parties are continuing to engage in good-faith negotiations to potentially settle the case and that granting the continuance would provide the parties an opportunity to make a full resolution of the case against the Defendant [*Id.* ¶¶ 3–4]. Defendant understands that the time between the filing of his motion for continuance and a rescheduled trial date shall be fully excludable for speedy

trial purposes [*Id.* ¶ 5]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs for more time to engage in plea negotiations, and if those discussions fail, otherwise prepare for trial. The Court finds that all of this cannot occur before the October 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Jay Lee Miller's Unopposed Motion to Continue Trial and Other Deadlines [**Doc. 37**]. The trial of this case is reset to **December 9, 2025.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 22, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jay Lee Miller's Unopposed Motion to Continue Trial and Other Deadlines [**Doc. 37**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 9, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 22, 2025**, and the new trial date of **December 9, 2025,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 7, 2025**;

(5) the deadline for filing motions *in limine* is **November 24, 2025**, and responses to motions *in limine* are due on or before **December 2, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 13, 2025, at 2:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 25, 2025.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge