UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-92-TAV-JEM |
| | ) | |
| JAY LEE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jay Lee Miller's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 45], filed on November 3, 2025.

Defendant requests the Court to continue the plea deadline, set for November 7, 2025, and the trial date, set for December 9, 2025 [*Id.* at 1]. In support of his motion, Defendant states that he was arraigned on a one count indictment on August 21, 2024, charging a violation of 18 U.S.C. § 922(g)(1) [Doc. 1] and was subsequently arraigned on a superseding indictment [Doc. 15] on November 9, 2024, with allegations that he is subject to the Armed Career Criminal Act in violation of 18 U.S.C. § 924(e)(1) [Doc. 45 ¶ 1]. Defendant filed a Notice of Intent to Plead Guilty to the initial indictment [Doc. 34] on September 15, 2025 [*Id.*]. The Court held a hearing regarding Defendant's Notice of Intent to Plead Guilty on October 30, 2025 [Doc. 44] and took the matter under advisement [Doc. 45 ¶ 2]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant understands that the period of time between the filing of the motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on September 15, 2025, Defendant filed a notice of intent to plead guilty to the initial indictment [Doc. 34]. *See id.* § 3161(h)(1)(D). The Government responded in opposition on September 22, 2025 [Doc. 36]. The undersigned held a hearing on the motion and will prepare a report and recommendation, after which the parties will file objections and responses, and the District Judge will rule on the motion considering the report and recommendation and the parties' filings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). Both before and after receiving the Court's ruling, defense counsel needs more time to time to otherwise prepare for trial. The Court finds that all of this cannot occur before the December 9, 2025 trial date.

The Court therefore **GRANTS** Defendant Jay Lee Miller's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 45**]. The trial of this case is reset to **April 28, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 3, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jay Lee Miller's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 45**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 28, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 3, 2025**, and the new trial date of **April 28, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 27, 2026**;

(5) the deadline for filing motions *in limine* is **April 13, 2026**. Responses to motions *in limine* are due on or before **April 21, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 14, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 17, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge