| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-92-TAV-JEM |
| | ) | |
| JAY LEE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jay Lee Miller's Motion to Continue Plea Deadline and Trial Date [Doc. 48], which he filed on March 27, 2026.

Defendant Miller asks the Court to continue the plea deadline and the trial date in his for approximately forty-five days [*Id.*]. In support, Defendant states his counsel and the Government are in good communication regarding his case and are working toward a resolution [*Id.* ¶ 1]. Defendant states granting a continuance will provide the parties an opportunity to make a full resolution of the case, and it will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the Defendant in a speedy trial [*Id.* ¶ 2].

The Government does not oppose the requested continuance [*Id.* ¶ 4]. Defendant confirms he understands his speedy trial rights, and that the period of time between the filing of his motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel and counsel for the Government need additional time to continue plea negotiations, and, if necessary, prepare for trial. The Court finds that this cannot occur before the April 28, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Plea Deadline and Trial Date [**Doc. 48**]. The trial date is reset to **July 14, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 27, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Plea Deadline and Trial Date [**Doc. 48**] is **GRANTED**;

(2) the trial date is reset to commence on **July 14, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 27, 2026**, and the new trial date of **July 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 15, 2026**;

(5) the deadline for filing motions *in limine* is **June 29, 2026**, and responses to motions *in limine* are due on or before **July 7, 2026**;

2

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 30, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3